# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Adrian Carter,<br><br>    Plaintiff,<br><br>v.<br><br>Oklahoma Department of Public Safety and Virginia Department of Public Safety,<br><br>    Defendants. | Case No. 10-CIV-083-RAW |

## OPINION AND ORDER

Before the court are Plaintiff's Complaint [Docket No. 1] and Motion for Leave to Proceed in Forma Pauperis [Docket No. 2]. This lawsuit has been filed by Plaintiff regarding whether state law requires a drivers license for non-commercial use.

### Motion to Proceed in Forma Pauperis

Plaintiff's Motion to Proceed in Forma Pauperis indicates that Plaintiff current resides at the Pittsburg County jail, is not employed, does not own real property, and has no money in a bank account. Plaintiff's IFP motion is GRANTED.

### Complaint

The court construes Plaintiff's allegations liberally as he is pro se. See Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff filed his Complaint against the Defendants, alleging that the state laws do not require a drivers license for non-commercial use. Plaintiff provides no legal authority for this contention. Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > **(A)** the allegation of poverty is untrue; or
> > **(B)** the action or appeal--
> >
> > > **(I)** is frivolous or malicious;
> > >
> > > **(ii)** fails to state a claim on which relief may be granted; or
> > >
> > > **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264 (10th Cir. 1994).

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." Banks v. Vio Software, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Trujillo v.

Williams, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." McKinney v. State of Oklahoma, 925 F.2d 363, 364 (10th Cir. 1991).

**Conclusion**

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, and that Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Docket No. 2] is GRANTED.

2. Plaintiff's action is found to be frivolous, and that Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.

Dated this 12th day of March, 2010.

Ronald A. White
United States District Judge
Eastern District of Oklahoma